Filing Fee Paid

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

IN RE:

PEARL MAXWELL

CHAPTER 13
DOCKET #00-14283- JNF

MOTION OF FAIRBANKS CAPITAL CORP.
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Now comes Fairbanks Capital Corp. by and through its attorney and says as follows:

1. The movant is a corporation duly organized by law and having its usual place of business at 3815 South West Temple, Salt Lake City, Utah.

2. The debtor is an individual who is the co-obligor on property situated at 49 Stockton Street, Dorchester, Massachusetts.

3. On or about February 12, 1991 the debtor borrowed money from Aetna Finance Company d/b/a ITT Financial Services, and executed a Promissory Note in the face amount of $149,151.00. (See copy of Lost Note Affidavit attached hereto marked "A").

4. To secure the Promissory Note described in Paragraph three above, the debtor executed a first mortgage of the property. Said Mortgage was duly recorded at the Suffolk County Registry of Deeds on February 13, 1991 at Book 18710, Page 282. (See copy of Mortgage attached hereto marked "B").

5. Note and Mortgage were assigned to Transamerica Financial Services, a California Corporation. Said Assignment was duly recorded at the Suffolk Registry of Deeds on January 28, 2000 as Instrument Number 558. (See copy of Assignment attached hereto marked "C").

6. Said Note and Mortgage were further assigned to Fairbanks Capital Corp. and duly recorded in the Suffolk County Registry of Deeds on January 28, 2000 as Instrument Number 559. (See copy of Assignment attached hereto marked "D").

7. The Debtor fell behind in her monthly mortgage payments and a foreclosure action was commenced against said Debtor by the Movant. Said foreclosure sale was scheduled on December 9, 1999.



8. On December 7, 1999, the debtor, Pearl Maxwell, filed a pro se Voluntary Petition under the United States Bankruptcy Code Chapter 13 which was assigned docket number 99-19685. On March 1, 2000, the Creditor's Motion for Relief from the Automatic Stay was allowed by the Court. Subsequently, on March 27, 2000, the case was Dismissed by the Court.

9. A foreclosure sale was scheduled for April 13, 2000.

10. On April 12, 2000, the co-obligor, Maritza Ranger filed a pro se Voluntary Petition under the United States Bankruptcy Code Chapter 13 which was assigned docket number 00-12608, on May 11, 2000, the case was Dismissed by the Court.

11. A foreclosure sale was scheduled for June 22, 2000.

12. On June 22, 2000 the Debtor, Pearl Maxwell, filed a pro se Voluntary Petition under the United States Bankruptcy Code Chapter 13 which was assigned docket number 00-14283.

13. As in the previous filings by the debtor and the co-obligor, to date, a plan of reorganization has not been filed.

14. The Debtor's Note matured in March of 1996 with the entire sum due and payable at that time.

15. The debtor executed a daily simple interest Note which means that she accrues interest each day so the amount of outstanding interest through the date of her filing reached $166,762.92 and at the end of the plan, outstanding interest will reach $288,362.67 to which would be added recoverable attorney fees and escrow advances.

16. The Debtor previously incurred legal fees and costs in accordance with her Note and Mortgage for foreclosure proceedings in the amount of $3,993.34 and for bankruptcy proceedings in the amount of $920.00 which would be added to her pre-petition arrearages.

17. The Debtor has now incurred legal fees and costs in accordance with her Note and Mortgage for foreclosure proceedings in the amount of $716.82 and bankruptcy proceedings in the amount of $920.00 which would be added to her post-petition arrearages.

18. $319,463.24 is the amount needed to payoff the loan as of the date of her filing to which would be added prior fees and costs for foreclosure proceedings of $4,710.16 and prior fees and costs for bankruptcy proceedings of $1,840.00 and current fees and costs for bankruptcy proceedings of $920.00 for a total of: $326,933.40.

19. An examination of the title indicates that as of this filing, there are no obligations other than the Creditor's first mortgage on this property.

20. An examination of the municipal lien certificate as of April 12, 2000 indicates that there is $5,700.00 currently owing on property taxes from 1996-2000 and in excess of $1,100.00 owing for water and sewer charges.

21. $190,000.00 is the estimated market value of property per broker's price opinion dated February 8, 2000 and there is no other collateral securing the obligation (see document marked "E" attached hereto).

22. The amount due to the movant is increasing due to the accrual of interest, taxes and other charges, and there is no equity in the property that would be due to the Debtor above the outstanding mortgage to the Creditor.

23. This filing represents the third Voluntary Petition by the Debtor, Pearl Maxwell, and the co-obligor, Maritza Ranger, within the preceding seven months. This filing by the Debtor is strictly an attempt to delay the Creditor from enforcing its rights under the terms and conditions of its mortgage with the Debtor.

WHEREFORE, the movant moves this Honorable Court that:

1. The automatic stay issued by this Honorable Court pursuant to 11 U.S.C Section 362 (a) 362(d)(1) and (2) be terminated as to the movant.

2. The Debtor, Pearl Maxwell and co-obligor, Maritza Ranger, be barred from filing further bankruptcy action under the provisions of the United States Bankruptcy Code Section 109 (G)(1) for a period of one hundred eighty (180) days.

3. Your movant be given full authority to proceed to foreclose the real estate mortgage under the terms and conditions of the mortgage and if necessary, commence Summary Process proceedings in the appropriate state court.

4. Such other and further relief as this Honorable Court deems fair, just, and equitable be granted.

By its attorney,

RICHARD FORMAN, ESQUIRE
Forman & Forman
268 Summer Street
Boston, MA 02210-1108
(617) 482-7005
bbo #: 174960

Dated: June 30, 2000

Loan No. 1089861

## LOST NOTE AFFIDAVIT

STATE OF UTAH            )
                         )ss:
COUNTY OF SALT LAKE      )

Carol A. Lynn, being duly sworn, deposes and says:

1. That she is the Assistant Secretary-Document Control for Fairbanks Capital Corp. (the "Company")

2. That, after having conducted a diligent investigation in its records and files, the Company has been unable to locate the following original note and believes that said original note has either been lost, misfiled, misplaced or destroyed:

    A note in the original principal sum of $149,151.00 made by Pearl Maxwell and Maritza Ranger, to Aetna Finance Company, and dated February 12, 1991. See attached exhibit.

3. That the records of the Company do not show that such a note was ever released, paid off, satisfied, assigned, transferred, pledged, hypothecated or otherwise disposed of and that such note has been either lost, mislaid, misfiled or destroyed by the Company;

That the Company is aware that _____,
its successors, assigns and/or transferees (collectively, the "Owner") rely upon the statements made herein as to such note having been lost, mislaid misfiled or destroyed by the Company and never having been released, paid off, satisfied, assigned, transferred, pledged, hypothecated or otherwise disposed of;

4. In the event that the Company should ever locate said mortgage note, the Company agrees to provide said note to the Owner; and

5. The Company hereby indemnifies and holds the Owner harmless from and against any and all losses, damages, penalties, fines, forfeitures, reasonable and necessary legal fees and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or assertion based on or grounded upon, or resulting from the Company's breach of any covenant, representation or warranty contained hereon or based upon the loss, misplacement or destruction of the lost note.

"A"

IN WITNESS WHEREOF, the undersigned has executed this instrument on behalf of the Company, this 6th day of July, 1999.

Fairbanks Capital Corp.

BY: /s/ Carol A. Lynn
Carol A. Lynn
Assistant Secretary – Document Control

STATE OF   Utah          )
                         )SS.
COUNTY OF  Salt Lake     )

On the 6th day of July, 1999 before me, a Notary Public in and for said State, personally appeared before me Carol A. Lynn, known to me to be the Assistant Secretary of Fairbanks Capital Corp., the company that executed the within instrument and also know to me to be the person who executed the within instrument.

IN WITNESS WHEREOF, I have hereunto set my hand affixed seal the day and year first above written.

/s/ Valina Radtke
Notary Public

My Commission Expires 11/26/2001

YALINA RADTKE
NOTARY PUBLIC • STATE of UTAH
3815 SO W TEMPLE
SALT LAKE CITY, UT 84115
COMM. EXP. 11-26-2001

203070 517

MASSACHUSETTS REAL ESTATE MORTGAGE INDIVIDUAL (SHORT FORM) 691

18710 282

202

Pearl Maxwell and Maritza Ranger

of 49 Stockton Street, Dorchester, Suffolk County, Massachusetts,
for consideration paid, grants to Aetna Finance Company d/b/a ITT Financial Services a company
qualified to do business in the State of Rhode Island with a usual place of business
at 711 Beverage Hill Avenue, Pawtucket, RI
with mortgage covenants to secure the payment of ONE HUNDRED AND FORTY NINE THOUSAND
ONE HUNDRED AND FIFTY DOLLARS AND FIFTY CENTS (149150.50)———————— Dollars

in FIVE years with 16.00 per cent interest, per annum
annual percentage rate
payable semi-annually — monthly
as provided in note of even date,
the land in Dorchester, Suffolk County, Massachusetts
[Description and encumbrances, if any]

See Exhibit A attached hereto

This mortgage is upon the statutory condition,

for any breach of which the mortgagee shall have the statutory power of sale.

Witness our hands and seals this 12TH day of FEBRUARY 1991

Pearl Maxwell

Maritza Ranger

~~The Commonwealth of Massachusetts~~
STATE OF RHODE ISLAND
PROVIDENCE, SC                                           2/12 1991

Then personally appeared the above named Pearl Maxwell and Maritza Ranger

and acknowledged the foregoing instrument to be their free act and deed,

before me,

THOMS SEPE           Notary Public — Justice of the Peace
My Commission Expires My Commission Expires June 30, 1994

(*Individual — Joint Tenants — Tenants in Common)

ITT Financial Services
711 Beverage Hill Ave
Pawtucket RI 02861                " B "

**18710 283**

### EXTRACT FROM GENERAL LAWS, (TER. ED.) CHAPTER 183, SECTIONS 18, 19, 20, 21

**Section 18.** A deed in substance following the form entitled "Mortgage Deed" shall when duly executed have the force and effect of a mortgage deed to the use of the mortgagee and his heirs and assigns with mortgage covenants and upon the statutory conditions and with the statutory power of sale, as defined in the three following sections, to secure the payment of the money or the performance of any obligation therein specified. The parties may insert in such mortgage any other lawful agreement or condition.

**Section 19.** In a conveyance of real estate the words "mortgage covenants" shall have the full force, meaning and effect of the following words, and shall be applied and construed accordingly: "The mortgagor, for himself, his heirs, executors, administrators and successors, covenants with the mortgagee and his heirs, successors and assigns, that he is lawfully seised in fee simple of the granted premises; that they are free from all encumbrances; that the mortgagor has good right to sell and convey the same; and that he will, and his heirs, executors, administrators and successors shall, warrant and defend the same to the mortgagee and his heirs, successors and assigns forever against the lawful claims and demands of all persons; and that the mortgagor and his heirs, successors or assigns, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale; and that the mortgagee and his heirs, executors, administrators, successors and assigns are appointed and constituted the attorney or attorneys irrevocable of the said mortgagor to execute and deliver to the said purchaser a full transfer of all policies of insurance on the buildings upon the land covered by the mortgage at the time of such sale."

**Section 20.** The following "condition" shall be known as the *Statutory Condition*, and may be incorporated in any mortgage by reference:

(CONDITION)

*Provided, nevertheless*, except as otherwise specifically stated in the mortgage, that if the mortgagor, or his heirs, executors, administrators, successors, or assigns shall pay unto the mortgagee or his executors, administrators or assigns the principal and interest secured by the mortgage, and shall perform any obligation secured at the time provided in the note, mortgage or other instrument or any extension thereof, and shall perform the conditions of any prior mortgage, and until such payment and performance shall pay when due and payable all taxes, charges and assessments to whomsoever and whenever laid or assessed, whether on the mortgaged premises or on any interest therein, or on the debt or obligation secured thereby; shall keep the buildings on said premises insured against fire in a sum not less than the amount secured by the mortgage, or as otherwise provided therein for insurance for the benefit of the mortgagee and his executors, administrators and assigns in such form and at such insurance offices as they shall approve, and, at least two days before the expiration of any policy on said premises, shall deliver to him or them a new and sufficient policy to take the place of the one so expiring, and shall not commit or suffer any strip or waste of the mortgaged premises or any breach of any covenant contained in the mortgage or in any prior mortgage, then the mortgage deed, as also the mortgage note or notes, shall be void.

**Section 21.** The following "power" shall be known as the *Statutory Power of Sale*, and may be incorporated in any mortgage by reference:

(POWER)

But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises, then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee-simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

---

**Statute Form of**
**Mortgage**
**(INDIVIDUAL)**

Pearl Maxwell, et al

TO

Aetna Finance Co. d/b/a

Book _____ Page _____
Received and recorded with
_____ Deeds
at _____ o'clock and _____ minutes, _____ M.
_____ 19 _____
Attest: _____ Register

FROM THE OFFICE OF

RETURN TO →

Pickens & Warwick, Inc.
Publishers Stationers Legal Forms
BOSTON  ●  MASS.
Form 691 Revised
CHAPTER 183-1959

(Please print or type)

ITT Financial Services
711 Beveridge Hill Avenue
Pawtucket, RI 02861

EXHIBIT A

The land, together with the buildings thereon, situated in Boston (Dorchester), Suffolk County, Massachusetts, bounded and described as follows:

SOUTHERLY: by Stockton Street, fifty and 90/100 (50.90) feet;

WESTERLY: by land of owners unknown, as shown on a plan hereinafter mentioned, one hundred three and 02/100 (103.02) feet;

NORTHERLY: by land of owners unknown, as shown on said plan, fifty and 91/100 (50.91) feet;

EASTERLY: by land of owners unknown, as shown on said plan, one hundred two and 03/100 (102.03) feet.

Containing 5219 square feet of land and being shown as No. 49 on a plan entitled "Plan of Land in Dorchester belonging to John Tivnan", drawn by John H. Burroughs, C.E., dated September 6, 1924, recorded with Suffolk County Registry of Deeds in Book 4733, Page 196.

Subject to prior mortgages of record to The Provident Institution for Savings in Book 9017 page 744, Ford Motor Credit Corp. in Book 10902 page 76 and Book 11414 page 313, Fitchburg Savings Bank in Book 12908 page 57 and Imperial Savings Association Book 14567 page 151.

For Title Reference see Deed in Book 9017 page 743.

49 Stockton Street, Dorchester MA

1/28/00 RECORD

Prepared by: SUE MOATS

1ST.

When recorded mail to:

_____
Space above this line for Recorder's use

# CORPORATION ASSIGNMENT OF REAL ESTATE MORTGAGE

Loan Number: 44815568

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

TRANSAMERICA FINANCIAL SERVICES, A CALIFORNIA CORPORATION

all the rights, title and interest in and to that certain Real Estate Mortgage dated FEBRUARY 12, 1991, executed by PEARL MAXWELL AND MARITZA RANGER, mortgagor, to AETNA FINANCE COMPANY, D/B/A ITT FINANCIAL SERVICES, a corporation organized under the laws of DELAWARE, whose principal place of business is 505 HWY 169 N.M, PLYMOUTH, MN, and recorded FEBRUARY 13, 1991 in Book Number 18710 at Page Number 282 as Document Number N/A in SUFFOLK County Records, State of MASSACHUSETTS, and described as follows:

SEE ATTACHED LEGAL DESCRIPTION

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Real Estate Mortgage.

Witness:

Computer & Equipment Leasing Corporation, a Wisconsin Corporation, successor in interest by merger to Aetna Finance Company, d/b/a ITT Financial Services

_____
DAWN M. UNDERDAHL

By: _____
T. WILLIAM BIXBY
VICE PRESIDENT

_____
KATHERINE S. WILSON

By: _____
SUSAN T. MOATS
ASSISTANT SECRETARY

State of MINNESOTA
County of HENNEPIN

On this October 4, 1999, before me, a Notary Public, appeared T. WILLIAM BIXBY and SUSAN T. MOATS who being by me known and duly sworn did state that they are the VICE PRESIDENT and ASSISTANT SECRETARY of Computer & Equipment Leasing Corporation, a Wisconsin Corporation, successor in interest by merger to Aetna Finance Company, d/b/a ITT Financial Services, an institution organized under the laws of the state of Wisconsin; that the said instrument was signed and sealed on behalf of said institution by authority of its Board of Directors; and that said T. WILLIAM BIXBY and SUSAN T. MOATS as such VICE PRESIDENT and ASSISTANT SECRETARY being authorized so to do acknowledged the execution of said instrument to be the voluntary act and deed of said corporation; and that the seal affixed to the foregoing instrument is the seal of the said institution.

WITNESS my hand and official seal.

(SEAL)

_____
DAWN MARIE UNDERDAHL

DAWN MARIE UNDERDAHL
NOTARY PUBLIC
STATE OF MINNESOTA
MY COMM EXPIRES JAN 31, 2000

1/28/00

RECORD

2ND.

*This document prepared by:*
ShaRee Jones
Document Control
Fairbanks Capital Corp.
3815 South West Temple
Salt Lake City, UT 84115

*When Recorded mail to:*
*Fairbanks Capital Corp.*
P.O. Box 65250
Salt Lake City UT 84165-0250

(Space above this line for Recorder information)

Borrower: Maxwell
Loan No. 1089861

# ASSIGNMENT OF MORTGAGE/DEED OF TRUST

For value received the undersigned, **HFTA First Financial Corporation, Successor by name change to Transamerica Financial Services, A California Corporation, by Transamerica Home Loan, Its Attorney In Fact**, hereby grants, assigns and transfers to, Fairbanks Capital Corp., 3815 South West Temple, Salt Lake City, UT 84115, all of the undersigned's right, title and interest in and to that certain Mortgage/Deed of Trust listed on Exhibit A, attached hereto, together with the note or notes described or referred to in the said Mortgage/Deed of Trust, the money due and to become due thereon with interest, and all rights accrued under the said Mortgage/Deed of Trust, without recourse. This Assignment is made without recourse to Assignor and without representation or warranty by Assignor, express or implied. To have and to hold the same unto the said Assignee / Transferee and its successors, heirs and assigns forever.

Executed this day of October, 1999.

HFTA First Financial Corporation, Successor By Name Change To Transamerica Financial Services, A California Corporation, By Transamerica Home Loan, Its Attorney In Fact

By: Sarah R. Biles
    Sarah R. Biles
    Assistant Secretary

STATE OF KS        )
                   ) ss.
COUNTY OF Johnson  )

On Oct 20, 99, before me, the undersigned, a Notary Public in and for the County and State, personally appeared Sarah R Biles who represented that he is duly authorized to sign for said corporation and who acknowledged that he signed the foregoing instrument and that the same is his free and voluntary act and deed of said corporation. In testimony and witness whereof, I have hereunto set my hand and official seal.

Kay A. Bernat
Notary Public

KAY A. BERNAT
NOTARY PUBLIC - State of Kansas
My Appt. Exp. 2/21/200?

" D "

# EXHIBIT "A"

| | |
|---|---|
| **LOAN NUMBER:** | 1089861 |
| **ORIGINATION DATE:** | 02/12/1991 |
| **ORIGINATION AMOUNT:** | $ 149,150.50 |
| **GRANTOR:** | Pearl Maxwell and Maritra Ranger |
| **TRUSTEE:** | n/a |
| **LENDER:** | Aetna Finance Company, d/b/a ITT Financial Services |
| **COUNTY:** | Suffolk |
| **STATE:** | MA |
| **BOOK NUMBER:** | 18710 |
| **PAGE NUMBER:** | 282 |
| **INSTRUMENT:** | n/a |
| **RECORDATION DATE:** | 02/13/1991 |
| **PROPERTY ADDRESS:** | 49 Stockton Street, Dorchester, MA 02124 |
| **LEGAL DESCRIPTION:** | **As more fully described in said Mortgage/Deed of Trust** |

# MGIC Broker's Price Opinion (Form 1)                                                    MGIC

This is a market analysis, not an appraisal and was prepared by a licensed real estate broker or sales agent, not an appraiser. Please be aware that this BPO was not prepared in accordance with Uniform Standards of Professional Appraisal Practice.

Client Name: Fairbanks Capital Corp.
Contact Name: Cindy Hill
Client Loan No.: 0001089861
Case No.: 00F84887       Inspection Type: Drive-By (Photos)
Borrower Name: PEARL MAXWELL
Street Address: 49 STOCKTON ST
City: DORCHESTER                 State: MA   Zip: 02124

Property Type:
☐ Single Family          Style: stack
☒ 2 Family               Age: 90
☐ Condo                  Sq. Footage: 3,489
☐ Land Only              Bedrooms: 5
☐ Other _____          Baths: 2

### Subject Property Information

| | Excellent | Good | Fair | Poor |
|---|---|---|---|---|
| Conformity to Neighborhood: | ☐ | ☒ | ☐ | ☐ |
| Landscaping/Lawn: | ☐ | ☒ | ☐ | ☐ |
| Exterior Condition: | ☐ | ☒ | ☐ | ☐ |
| Surrounding Area: | ☐ | ☐ | ☒ | ☐ |

Monthly HOA Fees (if applicable): $ N/A
Lot Size: N/A
Basement: ☒ Yes  ☐ No  ☐ Unknown
Vacant: ☐ Yes  ☒ No  ☐ Unknown

Subject Amenities/Condition Comments: THE SUBJECT LOOKS TO BE IN FAIRLY GOOD CONDITION. THE PROPERTY HAS BEEN VINYL SIDED WITH NEW WINDOWS IN THE LAST FEW YEARS. THE FRONT PORCH COULD USE A LITTLEWORK AND A COAT OF PAINT. THERE IS NO BACK PORCH FOR EITHER UNITS. THE BASEMENT HAS A WALK OURT. THE GARAGE IS CONCRETE OR STUCCO AND MAY BE BEING USED FOR CAR STORAGE. THE DRIVEWAY IS ASPHALT AND APPEARS TO BE IN GOOD CONDITION. THE YARD IS AVERAGE. THE ROOF IS OLDER AND MAY NEED REPLACEMENT WITHIN THE NEXT FEW YEARS.

### Market Data for Subject Property Type

| | Excellent | Good | Slow/Fair | Depressed/Poor |
|---|---|---|---|---|
| Market Conditions: | ☐ | ☒ Good | ☐ Slow | ☐ Depressed |
| Area Economics: | ☐ | ☐ Good | ☒ Fair | ☐ Poor |
| Inventory: | ☒ Shortage | ☐ In Balance | ☐ Over Supply | |

Values Have: ☒ Increased 14 % in 12 Months   ☐ Decreased ___ % in ___ Months   ☐ Remained Stable ___ Months

### Three Most Recent Comparable Sales

| Address | Distance from Subject | Square Footage | Bedrms/Baths | Parking Type | Days On Market | List Price | Sale Price | Sale Date |
|---|---|---|---|---|---|---|---|---|
| Subject Property | N/A | 3,489 | 5/2 | 2G | N/A | $ N/A | $ N/A | N/A |
| 1. 18 ARMADINE STREE | 2/3 MILE | 2,633 | 4/3 | 2G | 143 | $ 179,900 | $ 175,000 | 10/06/1999 |
| 2. 12 JEROME STREET | 1/2 MILE | 2,919 | 4/3 | DRWY | 85 | $ 225,900 | $ 225,300 | 11/30/1999 |
| 3. 37 FAIRMONT STREET | 1 MILE | 2,729 | 6/3 | 2C | 20 | $ 260,000 | $ 250,000 | 09/29/1999 |

Describe value-related similarities and differences between the subject and comparables:

COMP #1: 9 ROOMS, NEWLY VINYL SIDED, TWO CAR GARAGE IN GOOD CONDITION. NEWER HEATING SYSTEM AND NEW WINDOWS, WALK TO PUB TRANS AND SHOPPING.

COMP #2: 10 ROOMS, PLENTY OF UPDATES IN THIS HOME WITH LARGE ROOMS, FRONT AND BACK YARDS, FULL BASEMENT WITH LOTS OF STORAGE, PUB TRANS AT THE END OF THE STREET SOME SHOPPING

COMP #3: 12 ROOM. THIS HOME HAS A FINISHED ATTIC, ON A LARGE LOT FOR THE AREA WITH A NICE YARD, PORCHES ARE IN GOOD COND. BOTH UNITS HAVE HRD FLRS, NEAR PUB TRANS AND SHOPPING

### Three Current Comparable Listings

| Address | Distance from Subject | Square Footage | Bedrms/Baths | Parking Type | Days On Market | Current List Price |
|---|---|---|---|---|---|---|
| Subject Property | N/A | 3,489 | 5/2 | 2G | N/A | $ N/A |
| 1. 16 HOULDING STREET | 3/4 MILE | 2,870 | 5/2 | 2G | 123 | $ 225,000 |
| 2. 15 FRANKLIN STREET | 7/4 MILE | 2,168 | 4/2 | DRWY | 260 | $ 179,900 |
| 3. 62 MONSIGNOR LYDON | 1 MILE | 2,100 | 5/2 | DRWY | 119 | $ 239,000 |

Describe value-related similarities and differences between the subject and comparables:

COMP #1: WELL KEPT HOME NEAR PUB TRANS AND SHOPPING, GOOD SIZE ROOMS, HEATING SYSTEMS ARE NEWER AND THE ELECTRIC HAS BEEN UPDATED. 11 ROOM TOTAL.

COMP #2: NEEDS PAINT AND PAPER, WITH A LITTLE WORK THIS COULD BE A WONDERFUL PROP. LRG ROOMS WITH A GOOD FLR PLAN, FENCED YARD, WALK TO PUB TRANS AND SOME SHOPPING, 9 ROOMS

COMP #3: HRD FLRS THROUGHOUT, MODERN KIT AND BATHS, TWO PORCHES AND DECK, NEW VINYL SIDING, PUB TRANS IS AT THE END OF THE STREET, SHOPPING IS NEARBY, 10 ROOMS TOTAL.

Normal Market Time for Subject Property Type: 2 Months

| | Recommended 30 Day | Recommended 90 Day | Recommended 120 Day | Recommended Normal Market Time |
|---|---|---|---|---|
| AS IS List Price | $ 199,900 | $ 219,900 | $ 219,900 | $ 219,900 |
| AS IS Sale Price | $ 190,000 | $ 210,000 | $ 210,000 | $ 210,000 |
| REPAIRED List Price | $ 199,900 | $ 219,900 | $ 219,900 | $ 219,900 |
| REPAIRED Sale Price | $ 190,000 | $ 210,000 | $ 210,000 | $ 210,000 |

If there are questions, contact the MGIC Property Specialist.
MGIC Phone Number: 1-800-558-9900

MGIC Property Specialist: Jane Fedder X6406
Date Completed: 2/8/2000