UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:
Pearl Maxwell,
Debtor

Case Number: 00-14283
Chapter 13

RESPONSE TO MOTION FOR RELIEF
FROM AUTOMATIC STAY

Pearl Maxwell, debtor in the above-captioned case ("Debtor"), by her undersigned counsel, opposes the Motion For Relief From Automatic Stay ("Motion") filed by Fairbanks Capital Corp. ("Movant") and states as follows:

1. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 1.

2. Admitted.

3. Denied.

4. Debtor admits a mortgage was duly recorded at the Suffolk County Registry of Deed on February 13, 1991 at Book 18710, Page 282. Debtor denies the remainder of the averment.

5. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 5.

6. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 6.

7. Denied.

1



8. Debtor admits that she filed a pro se Voluntary Bankruptcy Petition on December 7, 1999. Debtor has insufficient information to form a belief as to the truth of the remainder of the averment contained in Paragraph 8.

9. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 9.

10. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 10.

11. Admitted.

12. Admitted.

13. Debtor admits that she has not filed a plan in case #00-14283. Debtor has insufficient information to form a belief as to the truth of the remainder of the averment contained in Paragraph 13.

14. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 14.

15. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 15.

16. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 16.

17. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 17.

18. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 18.

19. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 19.

20. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 20.

21. Debtor has insufficient information to form a belief as to the truth of the averment contained in Paragraph 21.

22. Denied

23. Debtor admits this is her second filing of a Voluntary Petition by the Debtor. Debtor Denies the remainder of the averment contained in Paragraph 23.

Debtor further states as follows:

24. The Lost Note Affidavit of the Movant on its face is legally insufficient to support Movant's Motion for Relief from the Automatic Stay.

25. Massachusetts General Laws ch. 106, § 3-309 states in relevant part that "A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred." (See Attachment "A")

26. Movant does not state in its affidavit that it was in possession of the instrument and entitled to enforce it when the loss of possession occurred.

27. Debtor has reason to believe that Movant was not in possession of the instrument and entitled to enforce it when the loss of possession occurred.

28. The Lost Note Affidavit provided by Movant is dated July 6, 1999.

29. The assignment of from Transamerica Financial Services provided by Movant is dated October, 1999.

30. The Lost Note Affidavit precedes the assignment of any rights to the Movant.

THEREFORE, debtor respectfully requests that this Court deny the motion and grant Movants no relief.

3

Respectfully submitted,

Pearl Maxwell
By Her Attorneys

_Tara Twomey_
Tara Twomey, Esq.
BBO# 640137
Legal Services Center
122 Boylston Street
Jamaica Plain, MA 02130
Plain, MA 02130
(617) 522-3003

Date: July 13, 2000

### § 3-309. Enforcement of Lost, Destroyed, or Stolen Instrument

(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means. Added by St.1998, c. 24, § 8.

#### Uniform Commercial Code Comment

Section 3-309 is a modification of former Section 3-804. The rights stated are those of "a person entitled to enforce the instrument" at the time of loss rather than those of an "owner" as in former Section 3-804. Under subsection (b), judgment to enforce the instrument cannot be given unless the court finds that the defendant will be adequately protected against a claim to the instrument by a holder that may appear at some later time. The court is given discretion in determining how adequate protection is to be assured. Former Section 3-804 allowed the court to "require security indemnifying the defendant against loss." Under Section 3-309 adequate protection is a flexible concept. For example, there is substantial risk that a holder in due course may make a demand for payment if the instrument was payable to bearer when it was lost or stolen. On the other hand if the instrument was payable to the person who lost the instrument and that person did not indorse the instrument, no other person could be a holder of the instrument. In some cases there is risk of loss only if there is doubt about whether the facts alleged by the person who lost the instrument are true. Thus, the type of adequate protection that is reasonable in the circumstances may depend on the degree of certainty about the facts in the case.

#### Historical and Statutory Notes

**Prior Laws:**
G.L. c. 106, § 3-804, as added by St.1957, c. 765, § 1.

**Uniform Law:**
This section is similar to § 3-309 of the Uniform Commercial Code, 1990 Revision of Article 3. See Vol. 2 Uniform Laws Annotated, Master Edition or ULA Database on Westlaw.

#### Cross References

Admissibility of photographic copies of lost instruments, see c. 233, § 79D.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:
Pearl Maxwell,
Debtor

Case Number: 00-14283
Chapter 13

## CERTIFICATE OF SERVICE

I, Tara Twomey, Esquire, do hereby certify that I have served a copy of the foregoing Response to Motion for Relief from the Automatic Stay this 13th day of July, 2000 by first class mail, postage prepaid, upon the parties listed below.

Tara Twomey, Esq.
BBO# 640137
Legal Services Center
122 Bolyston Street
Jamaica Plain, MA 02130
(617) 522-3003

Doreen B. Solomon
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114

Fairbanks Capital Corp.
C/O Forman & Forman
268 Summer Street
Boston, MA 02210